UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 08-200(1) (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE** |
| EMIGDIO SANCHEZ, | |
| Defendant. | |

Andrew S. Dunne, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Katherian D. Roe, Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant Emigdio Sanchez was originally sentenced to a term of imprisonment of 120 months pursuant to a binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement entered into by the parties, which the Court accepted. Sanchez now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which has the effect of retroactively lowering his advisory guidelines range from 135-168 months to 108-135 months. The Court will deny Sanchez's motion.

Rule 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C). If the Court accepts that plea agreement, the

agreed upon sentence "binds the court." (*Id.*)  When a defendant is sentenced pursuant to a binding Rule 11(c)(1)(C) plea agreement, the Court retains discretion to reduce the sentence under § 3582(c)(2) **only** if the "agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the [United States Sentencing] Commission." *Freeman v. United States*, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring).[1]  Here, Sanchez's motion fails because his Rule 11(c)(1)(C) plea agreement did not expressly use a guidelines sentencing range to establish his term of imprisonment.

Sanchez pleaded guilty to Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, which carried a mandatory minimum sentence of 120 months.  In Paragraph 3 of the plea agreement, the parties expressly agreed to a corresponding mandatory minimum term of imprisonment: "Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties agree that the appropriate term of imprisonment in this case is [120 months].  If the Court accepts this plea agreement, this provision is binding on the Court."  (Plea Agreement ¶ 3, September 8, 2009, Docket No. 106.)  Nothing within this paragraph gives any indication that the parties based the agreed-upon 120-month term on the higher applicable guidelines range of 135-168 months.

---

[1] Justice Sotomayor's concurring opinion in *Freeman* sets forth the controlling standard because there was no majority opinion and her opinion "concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ)); *see United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012) ("It is Justice Sotomayor's concurring opinion in *Freeman* that is controlling and represents the holding of the Court.").

Sanchez argues that the 120-month term had to have been based on a guidelines sentencing range because a subsequent section of the plea agreement explicitly set out the parties' guidelines and criminal history stipulations.  But Sanchez ignores the fact that the parties' qualified these stipulations by noting that the Court would only have to consider the guidelines "if the above agreement in paragraph 3 were not applicable."  (*Id.* ¶ 8.) This qualification is strong evidence that the parties did not use a guidelines sentencing range to establish Sanchez's agreed-upon term of imprisonment.  At a minimum, the qualification prevents this Court from finding that a guidelines sentencing range was a "clear . . . basis for the specified term."  *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring).

Sanchez also argues that his case is analogous to Justice Sotomayor's concurrence in *Freeman*.  But *Freeman* is distinguishable.  There, Justice Sotomayor found that the term of imprisonment in Freeman's Rule 11(c)(1)(C) plea agreement was based on a guidelines sentencing range – and thus that he was entitled to a sentence reduction under § 3582(c)(2) – because the agreement stated that Freeman "agrees to have his sentence determined pursuant to the Sentencing Guidelines" and also included sufficient information to discern the applicable guidelines range.  Here, by contrast, there is nothing within the plea agreement even implying, let alone expressly stating, that Sanchez agreed to have his sentence determined pursuant to the sentencing guidelines or that the 120-month term was based on a guidelines sentencing range.

In sum, because Sanchez's Rule 11(c)(1)(C) plea agreement did not expressly use a guidelines sentencing range to establish his term of imprisonment, he is not eligible for

- 4 -

a sentence reduction under § 3582(c)(2).  The Court will accordingly deny Sanchez's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Sanchez's Motion to Reduce Sentence [Docket No. 161] is **DENIED**.

DATED:  September 26, 2016             ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                   Chief Judge
                                      United States District Court